## No. 11.047.

44 1053
e110 528
110 530

NEW ORLEANS CITY & LAKE RAILROAD COMPANY vs. CITY OF NEW ORLEANS AND BOARD OF ASSESSORS.

The Board of Assessors were bound to give effect to the words of the statute.
The earning capacity shall form a basis of estimating the values. Sec. 28 of Revenue Act of 1890.
This requirement was observed, and a proper assessment was made.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*John M. Bonner* for Plaintiffs and Appellants.

---

*E. A. O'Sullivan*, City Attorney, and *R. Lyons* and *Wynne Rogers* for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J.    The plaintiff company; through its secretary, made its return to the Board of Assessors of its property.

The franchise of the road was returned at its original cost, less seven years which had elapsed; in other words, the franchise having been granted for twenty-five years, the original cost was divided by that number, and the plaintiff, assuming that the quotient was the value of each year, deducted the value for the years elapsed, and returned the remainder as the value of the franchise unexpired.

On this theory there was eighteen-twenty-fifths of the original value remaining subject to taxation.

The Board of Assessors declined to accept that basis.

It was proven that the dividends of the company were $42,000 *per annum* during the time for which the tax in controversy was levied.

The plaintiff, having protested, sued on an injunction, and avers that it took, in making its return, the original cost of its franchise to operate its street railway for a period of twenty-five years, from the 10th day of February, 1883, to-wit:

The sum of $284,750, and deducting therefrom the sum of $79,730 for the seven years that had elapsed, making the remainder the assessable value.

The defendants state that the Board of Assessors, in order to establish a uniform value, adopted 6 per cent. as the earning capacity of the road.

The annual dividend of the road was $42,000.

On that basis ($700,000 by 6 per cent.), the plant was worth the first amount.

From a judgment for defendant the plaintiff appeals.

The legislative intent as to the value of these franchises is expressed in the Act of 1890, No. 106, Sections 28 and 29.

There had been considerable litigation between the corporations and the assessors with regard to the old methods of making these assessments.

The law was therefore amended.    It directs that the company shall furnish a sworn statement of its earning capacity, which shall form a basis for estimating the value of the franchise.

This was complied with by the company, and its statement was adopted as a basis.

Railroad Co vs. City et als.

The law-making power having determined that the earning capacity shall be a basis of estimating the value of its charter or franchise, the board had no authority to disregard the plain terms of the act and follow the old method.

The statute directs a particular mode that does not embrace exclusively the determination of values by that which the plaintiff contends should be observed.

Revenue is an element of value not to be overlooked in assessing such property as that of the plaintiff, even were the statute silent upon the subject. The Legislature has made it a basis; while it should not be followed arbitrarily, exclusively and[injuriously, the records do not disclose injury or any unjust discrimination.

In conformity with the act the assessors proceeded to fix an estimate proven fair by the evidence of the plaintiff.

The amount as fixed can not be reduced on the ground that part of the franchise is of the past, particularly as it is not made evident that it was of less value at the time of the assessment than it was when granted.

Judgment affirmed at appellants' costs.